HARDY, Judge.
This is a suit in which plaintiff seeks recovery of damages to his automobile as the result of a collision allegedly caused by the negligence'of the defendant, Roger E. Case. The defendants are J. Ellis Case, individually and in the capacity of administrator of the estate of Roger E. Case, his minor son, and Donald C. Dickson, appointed as tutor ad hoc to defend the suit on behalf of the said minor. The defendants’ answer denied negligence, in turn charged the plaintiff with negligence, and defendant, J. Ellis Case, reconvened against plaintiff praying judgment for damages sustained by his truck. After trial there was judgment in favor of plaintiff in the sum of $209.59 and further judgment rejecting the recon-ventional demand of J. Ellis Case, from which defendants have appealed.
The accident occurred on the night of September 21, 1951 on what is known as Jewella Road in Caddo Parish, Louisiana. Plaintiff’s automobile was alleged to have been parked on the west shoulder of the road off the paved portion thereof, when a truck operated by the minor, Roger E. Case, proceeding south on Jewella Road, collided with the left rear portion of the car. As the result of the collision the Case truck went off the road on the east side. In backing the truck from the ditch onto the highway Case again collided with petitioner’s car. A number of allegations of negligence were specified against the driver of the Case truck, among them being failure to keep a proper lookout; failure to keep the vehicle under control, and failure to operate the vehicle at such speed as would permit it to be stopped within the range of its headlights and the vision of the driver. The general allegation of negligence with respect to the second impact involved the charge that the driver negligently backed his truck onto the highway without regard to the presence of plaintiff’s car.
Defendants, in answer, denied negligence on the part of the driver of the truck and in turn alleged the sole and proximate cause of the accident to be chargeable to the plaintiff’s negligence in parking his car on the highway at night without lights or any other warning device.
On trial of the case it was established that plaintiff had parked his car on the side of the road while he was visiting the home of his sister who had suffered the loss of her son on the day in question. It was necessary for plaintiff to park at the side of the highway because of the fact that the driveway and yard of his sister’s home were occupied by the cars of other relatives and friends. Both plaintiff and his sister-in-law, Mrs. Henry Cook, testified that the car was parked completely off the paved portion of the road. Sometime after dark *515 on the date above noted the Case truck, driven by Roger Case, an eighteen-year old youth accompanied by a young companion, proceeding south on the Jewella Road, struck the rear of the Cook car, went into the ditch on the east side of the road, backed up on the highway and again collided with the Cook car, all as alleged.
Young Case testified that he could not see the Cook car, which he asserted was parked partially on the pavement, because of the fact that the lights of an approaching car reflected upon his smeared windshield and interfered with his vision. Mrs. Henry Cook, who was driving the car to which Case referred, testified that she passed the. Case truck some SO or 75 yards north of the parked automobile.
As observed by counsel for defendants this case involves a simple question of fact. The facts were resolved by the Judge of the District Court in favor of plaintiff, and careful examination of the record does not disclose any error, manifest or otherwise. Under these circumstances it follows that the judgment must be affirmed, and it is so ordered at appellant’s cost.